# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

```
------------------------------X      Docket#
UNITED STATES OF AMERICA       :     03-cr-372
                               :
       - versus -             :      U.S. Courthouse
                               :     Brooklyn, New York
ANGEL RODRIGUEZ,               :
              Defendant        :     September 21, 2004
------------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

**A  P  P  E  A  R  A  N  C  E  S:**

For the Government:        **Roslynn R. Mauskopf, Esq.**
                           United States Attorney

                    BY:    **Jack Smith, Esq.**
                           Assistant U.S. Attorney
                           225 Cadman Plaza East
                           Brooklyn, New York   11201


For the Defendant:         **Francisco Celedonio, Esq.**


Official Transcriber:      **Rosalie Lombardi**
                                L.F.

Transcription Service:     **Transcription Plus II**
                           823 Whittier Avenue
                           New Hyde Park, N.Y.   11040
                           (516) 358-7352


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

**Proceedings**                                             2

1          THE COURT:  This is United States of

2  America v. Angel Rodriguez, 02-cr-372 -- is

3  that right?

4          MR. SMITH:  That's correct, Judge.

5          THE COURT:  2, okay.  Because on the

6  superseding information --

7          THE CLERK:  I think it's 03.

8          THE COURT:  -- it says 03.

9          MR. SMITH:  I'm sorry, 03, it is,

10 Judge; yes.

11         THE COURT:  So, it's 03.  Okay.  And

12 I'm going to correct that on the plea

13 agreement, as well.  Okay.

14         Counsel, please state your appearances

15 for the record.

16         MR. SMITH:  Jack Smith for the United

17 States.

18         MR. CELEDONIO:  Francisco Celedonio

19 for Mr. Angel Rodriguez.

20         Good morning, your Honor.

21         THE COURT:  Good morning.

22         Good morning, Mr. Rodriguez.

23         I take it that you understand English.

24         THE DEFENDANT:  Yes.

25         THE COURT:  Okay.  If at any point

**Proceedings**                                        3

1   during these proceedings, I say something

2   that you don't understand, please tell me;

3   okay?

4           THE DEFENDANT:  Thank you.

5           THE COURT:  The first issue that I

6   want to deal with is your consent to have me

7   hear your plea.  You understand that this is

8   Judge Gleeson's case and he is the United

9   States district judge who will sentence you

10  and who will make the ultimate decision as to

11  whether or not to accept your plea of guilty.

12          If you wish, you have the absolute

13  right to have Judge Gleeson hear your plea and

14  if you choose to do that, there will be no

15  prejudice to you.

16          On the other hand, if you wish, I will

17  hear your plea this morning and a transcript

18  of these proceedings will be made from the

19  tape recorder on my law clerk's desk and that

20  transcript will be given to Judge Gleeson to

21  review at the time of your sentence and when

22  he makes his decision as to whether or not to

23  accept your plea of guilty.

24          Do you wish to give up your right to

25  have Judge Gleeson hear your plea and proceed

Transcription Plus II          Rosalie Lombardi

### Proceedings

4

1   instead before me this morning?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Okay.

4          THE COURT:  Do you make this decision

5   voluntarily and of your own free will?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Has anyone made any

8   threats or promises to get you to agree to

9   have me hear your plea?

10          THE DEFENDANT:  No.

11          THE COURT:  My law clerk is going to

12   show you the order of referral that I believe

13   you may have signed earlier.  Can you tell me,

14   sir, is that your signature there on the form?

15          THE DEFENDANT:  Yes, it is.

16          THE COURT:  Okay.

17          And I will note for the record that it

18   has been signed by counsel for the defendant,

19   by the assistant United States attorney, I

20   think, and I am going to endorse it, as well.

21          Actually it hasn't been signed by you,

22   Mr. Smith.  Maybe you want to sign it.

23          MR. SMITH:  I didn't want to

24   interrupt.

25          THE COURT:  Okay.

**Proceedings**                                                    5

1        Now Mr. Rodriguez, before I can hear

2   your plea, there are a number of questions

3   that I must ask you to insure that it is a

4   valid plea.  Again, if you don't understand

5   any of my questions, just tell me and I'll

6   rephrase them; okay?

7           THE DEFENDANT:  Okay.  Thank you.

8           THE COURT:  Okay.

9   A N G E L  R O D R I G U E Z,

10      called as a witness, having been first duly

11      sworn, was examined and testified as

12      follows:

13           THE COURT:  Do you understand that

14   having been sworn, your answers to my

15   questions will be subject to the penalties of

16   perjury or making a false statement if you

17   don't answer them truthfully.

18           Do you understand that?

19      THE DEFENDANT:  Yes.

20      THE COURT:  What is your full name?

21      THE DEFENDANT:  Angel L. Rodriguez.

22      THE COURT:  And how old are you?

23      THE DEFENDANT:  I'm 30 -- 33.

24      THE COURT:  I'm sorry?

25      THE DEFENDANT:  33.

**Proceedings**                                       6

1          THE COURT:  33.

2          What education have you had?

3          THE DEFENDANT:  I graduated high

4     school.

5          THE COURT:  Okay.

6          Have you had any problems

7     communicating with your attorney?

8          THE DEFENDANT:  No.

9          THE COURT:  Counsel, have you had any

10    problems communicating with your client?

11         MR. CELEDONIO:  None, your Honor.

12         THE COURT:  Mr. Rodriguez, are you

13    presently or have you recently been under the

14    care of either a physician or a psychiatrist?

15         THE DEFENDANT:  No.

16         THE COURT:  In the last 24 hours, have

17    you taken any narcotic drugs?

18         THE DEFENDANT:  No.

19         THE COURT:  Any medicine or pills of

20    any kind?

21         THE DEFENDANT:  No.

22         THE COURT:  Have you had any alcohol

23    to drink in the last 24 hours?

24         THE DEFENDANT:  No.

25         THE COURT:  Have you ever been

**Proceedings**

7

1    hospitalized or treated for a narcotics

2    addiction?

3              THE DEFENDANT:  No.

4              THE COURT:  Have you ever been treated

5    for any mental or emotional problems?

6              THE DEFENDANT:  No.

7              THE COURT:  As you sit here before me

8    today, is your mind clear?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Do you understand what

11   we're doing here today?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Have you received a copy

14   of the superseding information?

15             THE DEFENDANT:  Yes.

16             THE COURT:  The information charges

17   you within or about April 10, 1999, within the

18   Eastern District of New York, you having

19   knowledge of the actual commission of a

20   felony, cognizable by a court of the United

21   States, specifically, conspiracy to punish a

22   person for non-payment of credit, did

23   knowingly and intentionally conceal and did

24   not as soon as possible make known the same to

25   a judge or other person in civil or military

**Proceedings**                                                      8

1    authority under the United States.

2         Now, do you understand what you've

3    been charged with?

4         THE DEFENDANT:  Yes.

5         THE COURT:  In other words, you've

6    been charged with knowing that there was an

7    agreement to punish somebody because he wasn't

8    paying his debts and you didn't tell anyone in

9    authority in about it --

10        THE DEFENDANT:  Yes.

11        THE COURT:  -- when you should have.

12        Do you understand that?

13        THE DEFENDANT:  I understand.

14        THE COURT:  Okay.

15        Now this is a felony charge and

16   because it is a felony charge, you are

17   entitled to be charged by an indictment

18   brought by a grand jury.

19        Now a grand jury is a group of at

20   least 16 and not more than 23 people who

21   listen to the evidence presented by the

22   government and they make a determination as to

23   whether or not there is probable cause to

24   believe that you've committed the crime that

25   the government is seeking to charge you with

**Proceedings**                                    9

1    here.

2          At least 12 of those grand jurors must

3    determine that there is probable cause to

4    believe that you committed the crime or an

5    indictment will not enter.  Now you can insist

6    on having your case presented to the grand

7    jury and having them decide whether or not

8    there's sufficient evidence to indict you.  Or

9    you can waive your right, give up your right

10   to have your case presented to the grand jury

11   and proceed on this information just as if the

12   grand jury had heard the evidence and voted to

13   indict you.

14          Do you understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Have you discussed waiving

17   your right to have your case presented to the

18   grand jury with your attorney?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Okay.

21          And do you understand your right to be

22   indicted by the grand jury?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Has anyone made any

25   threats or promises to get you to waive

**Proceedings**

10

1   indictment?

2        THE DEFENDANT:  No.

3        THE COURT:  Do you wish at this time

4   to waive your right to be indicted by the

5   grand jury?

6        THE DEFENDANT:  Yes.

7        THE COURT:  Counsel, do you know of

8   any reason why the defendant should not waive

9   indictment?

10        MR. CELEDONIO:  None, your Honor.

11        THE COURT:  I have the waiver of

12   indictment form here.  I just note that

13   Mr. Rodriguez's name appears to be spelled

14   wrong.  So, maybe -- first of all, could you

15   show the waiver to Mr. Rodriguez and see if

16   that's his signature and then maybe we ought

17   to fix the spelling of his name.

18        THE DEFENDANT:  Yeah, my last name is

19   spelled wrong.

20        THE CLERK:  There is an I in there?

21        THE COURT:  There's an I in there,

22   right, Mr. Rodriguez?

23        THE DEFENDANT:  There's an I.

24        THE COURT:  Yes.

25        THE DEFENDANT:  And the G is before

**Proceedings**                                    11

1    the U.

2           THE COURT:  Okay.

3           THE DEFENDANT:  Yes.

4           THE COURT:  Is that your signature

5    though at the bottom?

6           THE DEFENDANT:  Yes, it is.

7           THE COURT:  Okay.  Why don't we

8    correct the spelling.

9           THE CLERK:  Is this the correct

10   spelling here?

11          THE DEFENDANT:  Yes.

12          THE COURT:  And have everybody initial

13   the change.  Just make sure I spelled it right

14   now.

15          I find that the defendant has been

16   advised of his rights and that he has hereby

17   entered a knowing and voluntary waiver to his

18   right to be indicted by the grand jury.  And I

19   am endorsing the waiver of indictment form, as

20   well.

21          Counsel, have you discussed the matter

22   of pleading guilty with your client?

23          MR. CELEDONIO:  Yes, I have,

24   your Honor.

25          THE COURT:  Does he understand the

## Proceedings                                        12

1  rights that he will be waiving by pleading

2  guilty?

3          MR. CELEDONIO:  Yes, he does,

4  your Honor.

5          THE COURT:  In your view, is he

6  capable of understanding the nature of these

7  proceedings?

8          MR. CELEDONIO:  Yes, your Honor.

9          THE COURT:  Do you have any doubt as

10  to his competence to plead at this time?

11          MR. CELEDONIO:  None, your Honor.

12          THE COURT:  Have you advised him of

13  the maximum sentence and the fine that can be

14  imposed as a result of his plea here?

15          MR. CELEDONIO:  Yes, your Honor.

16          THE COURT:  And have you discussed

17  with him the operation of the sentencing

18  guidelines and the possible application of the

19  Blakely decision?

20          MR. CELEDONIO:  Yes, your Honor.

21          THE COURT:  Mr. Rodriguez, do you feel

22  that you've had enough time to discuss your

23  case with your attorney?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And are you satisfied to

1   have him represent you?

2            THE DEFENDANT:  Yes, I am.

3            THE COURT:  Okay.

4            I want to make sure that you

5   understand the rights that you will be giving

6   up if you decide to plead guilty to this

7   charge.

8            If you were to plead not guilty, under

9   the Constitution and the laws of the United

10  States, you would be entitled to a speedy and

11  public trial by jury with the assistance of

12  counsel on the charge contained in the

13  superseding information.

14           Do you understand that?

15           THE DEFENDANT:  I'm sorry.

16               (Counsel and client confer)

17           THE DEFENDANT:  Okay.  Yes, thank you.

18           THE COURT:  Do you understand it?

19  Okay.  In other words, you've said you want to

20  plead guilty but if you were to plead not

21  guilty, I'm trying to explain to you what your

22  rights are.  The first of those is that you

23  would be entitled to a speedy trial with

24  counsel's assistance --

25           THE DEFENDANT:  Okay.

**Proceedings**                                    14

1          THE COURT:  on the charges.

2          THE DEFENDANT:  Okay.

3          THE COURT:  Do you understand that?

4          THE DEFENDANT:  Yes, I do.

5          THE COURT:  Okay.

6          At the trial, you would be presumed

7    innocent.  The government would have to

8    overcome that presumption and prove you guilty

9    by competent evidence and beyond a reasonable

10   doubt.

11         You would not have to prove that you

12   were innocent.  If the government were to

13   fail, the jury would have the duty to find you

14   not guilty.

15         Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  In the course of a trial,

18   the witnesses for the government would have to

19   come to court.  They would have to testify in

20   your presence and your attorney would have the

21   right to cross-examine those witnesses for the

22   government, to object to any evidence offered

23   by the government and to offer evidence on

24   your behalf.

25         Do you understand that?

**Proceedings**                                        15

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  At the trial, while you

3     would have the right to testify if you chose

4     to do so, you could not be forced to testify.

5     Under the Constitution of the United States, a

6     defendant in a criminal case cannot be forced

7     to take the witness stand and say anything

8     that could be used to show that he is guilty

9     of the crime with which he's been charged.

10          If you were to decide not to testify,

11     the Court would instruct the jury that they

12     could not hold that decision against you.

13          Do you understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  If you plead guilty on the

16     other hand, I'm going to have to ask you

17     certain questions about what it is that you

18     did in order to satisfy myself that you are,

19     in fact, guilty of the charge to which you

20     seek to plead guilty.  And you're going to

21     have to answer my questions and acknowledge

22     your guilt.

23          Thus, you will be giving up that right

24     that I just described; namely, the right not

25     to say anything that could be used to show

**Proceedings**                                     16

1   that you are guilty of the crime with which

2   you've been charged.

3           Do you understand that?

4           THE DEFENDANT:  Yes, I do.

5           THE COURT:  If you plead guilty and I

6   recommend to Judge Gleeson that he accepts

7   your plea, you will be giving up your

8   constitutional right to a trial and all of the

9   other rights that I have just described.

10  There will be no further trial of any kind.

11  Judge Gleeson will simply enter a judgment of

12  guilty based upon your guilty plea.

13          Do you understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Are you willing to give up

16  your right to a trial and the other rights

17  that I have just described?

18          THE DEFENDANT:  Yes.

19          THE COURT:  All right.

20          Now, I understand there is a written

21  plea agreement in this case.  I'm marking it

22  as Court Exhibit 1.

23          Could you please take a look at this,

24  Mr. Rodriguez, and tell me first of all, if

25  you have seen it before.

**Proceedings**                                                    17

1          THE DEFENDANT:  Yes, I have.

2          THE COURT:  Have you had a chance to

3   read it?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And have you discussed it

6   with your attorney?

7          THE DEFENDANT:  Uh-huh.

8          THE COURT:  And do you understand what

9   it says?

10         THE DEFENDANT:  Yes.

11         THE COURT:  And would you flip to the

12  last page for me and tell me is that your

13  signature there?

14         THE DEFENDANT:  Yes, it is.

15         THE COURT:  Does this agreement fully

16  and accurately reflect your understanding of

17  the agreement that you have with the

18  government?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Other than the promises

21  that are set forth in the agreement, has

22  anyone made any other promise that has caused

23  you to plead guilty here?

24         THE DEFENDANT:  No.

25         THE COURT:  Has anyone made any

**Proceedings**                                    18

1  promise as to what your sentence will be?

2          THE DEFENDANT:  No.

3          THE COURT:  I want to briefly discuss

4  with you the sentencing scheme that applies

5  here.  The statute you're accused of violating

6  carries a minimum term of imprisonment of zero

7  years and a maximum of up to possibly three

8  years in prison.

9          Now there are in effect what are

10  called sentencing guidelines and those

11  guidelines determine where within that zero to

12  three year range your sentence will fall.

13          Those guidelines determine how high a

14  sentence Judge Gleeson can impose and how low

15  a sentence he can impose.  And there may be

16  certain factors that come into play at the

17  time of sentencing that would allow the judge

18  to depart either upwardly or downwardly from

19  your guideline range depending on the

20  circumstances.

21          Do you understand all of that?

22          THE DEFENDANT:  Yes, I do.

23          THE COURT:  The important thing that

24  you must understand is that until the time of

25  sentencing when Judge Gleeson is going to get

**Proceedings**                                    19

1   what is called a presentence report which will

2   be prepared by the probation department

3   following your plea here and he has an

4   opportunity to hear from you and to hear from

5   your attorney, and to hear from the

6   government, until that time, no one can

7   promise you exactly what your sentence will

8   be; not your attorney, not the government, not

9   me, not even Judge Gleeson until then.

10          Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Okay.

13          Nevertheless, I am going to ask the

14  government just to put on the record what your

15  estimate of the guideline range would be based

16  on what we know today.

17          MR. SMITH:  Your Honor, our estimate

18  is reflected in the plea agreement and I

19  believe it's 24 to 30 months.  I know -- I've

20  discussed this with Mr. Celedonio, he does not

21  share that estimate but that is the

22  government's estimate.

23          MR. CELEDONIO:  The government is

24  correct, your Honor.  We "don't share" the

25  estimate.  By that, we only mean, your Honor,

**Proceedings**                                        20

1    that we reserve the right at sentencing to

2    argue against some or all of the enhancements

3    that are contemplated in the agreement.  But

4    clearly, we're not addressing anything that

5    relates to an appeal right or anything like

6    that.  Simply, the extent to which certain of

7    the enhancements are or are not applicable.

8             THE COURT:  Okay.  I guess I'm a

9    little confused then by the last sentence in

10   the paragraph --

11            MR. CELEDONIO:  In paragraph 3,

12   your Honor?

13            THE COURT:  -- which sets forth the

14   guideline calculation.  It says, "The

15   defendant agrees to this guidelines

16   calculation."  That doesn't seem to be what

17   you're saying.

18            MR. CELEDONIO:  Well, I understand

19   that the statement in the plea agreement is

20   that it doesn't necessary say that we are

21   bound by it.  And the parties agree,

22   your Honor, as the government has stated, that

23   we may take an adverse position with regard to

24   the enhancements at sentencing, your Honor.

25            MR. SMITH:  Your Honor, I think to put

Proceedings                    21

1   more of a point on it is the discussions

2   Mr. Celedonio and I had were that under the

3   guidelines, these enhancements as they're

4   listed are appropriate.  There's a basis for

5   them certainly.  Mr. Celedonio has asked to

6   reserve the right and the government has

7   agreed to make motions to ask for a departure

8   or ask to not apply these even though on their

9   face, they would seem to apply.  I think

10  that's correct.

11          THE COURT:  Well, I don't -- I mean,

12  you know, Judge Gleeson may disagree with me

13  but I don't read that sentence that way.  I

14  read that sentence as binding the defendant to

15  the calculation of a 24 to 30 month sentence.

16  I mean, if that's not what it's intended to

17  say, I think you should clarify it or strike

18  it.  I mean, I --

19          MR. SMITH:  Judge, I don't have a

20  problem striking it and the statements we both

21  made on the clear make clear what both of our

22  understanding is about the agreement.

23          THE COURT:  I think it's just safer,

24  counsel, to strike it.

25          MR. CELEDONIO:  Agreed, your Honor.

**Proceedings**                                    22

1          THE COURT:  I think --

2          MR. CELEDONIO:  I think striking it

3     resolves it, your Honor.

4          THE COURT:  Okay.  So, I am going to

5     strike it and I'm going to ask you to initial

6     it and that way, we won't have any argument

7     later down the line if there's another

8     prosecutor who happens to take over the case

9     at the time of sentencing.

10          So, Mr. Rodriguez, essentially the

11     government has estimated that based on all of

12     the factors they have included in the plea

13     agreement, they believe that you are looking

14     at a potential sentence of somewhere between

15     24 to 30 months, assuming that you fall within

16     criminal history category one.

17          Your attorney has indicated that he

18     may make certain arguments to Judge Gleeson at

19     the time of sentencing that would presumably

20     reduce the guideline calculation in several of

21     these factors.

22          Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Okay.

25          Now I want to just address briefly one

**Proceedings**                    23

1    issue.   There has been a recent decision by

2    the supreme court, you may have heard of it

3    referred to as the <u>Blakely</u> decision, in which

4    the supreme court has raised certain questions

5    about the continued viability or applicability

6    of the guidelines to cases such as yours.

7              Now scholars are arguing the merits of

8    this issue right now.  So, we don't really

9    know how it's going to come out.  It's

10   entirely possible that the Court could decide

11   that the guidelines are unconstitutional.

12             If that's the case, you still would be

13   sentenced somewhere between zero and three

14   years, which is what is set by the statute.

15             Now in the plea agreement, you have

16   agreed that you --

17             MR. CELEDONIO:  Excuse me, your Honor.

18             THE COURT:  Yes.

19             MR. CELEDONIO:  The Court just said

20   zero and three years.  I believe it's zero and

21   30 months.

22             I stand corrected, your Honor.   I

23   apologize.

24             THE COURT:  No, I'm talking about the

25   statutory penalties.

Proceedings                                24

1          MR.  CELEDONIO:  That's  correct,

2    your  Honor.   I  apologize.

3          THE  COURT:  Okay.

4          In  the  plea  agreement,  however,  you

5    have  agreed  that  your  sentence  will  be

6    governed  by  the  guidelines  and  that  you  have

7    given  up  any  right  to  challenge  the

8    constitutionality  or  the  validity  of  the

9    guidelines.

10         Do  you  understand  that  you  have  agreed

11   to  that?

12         THE  DEFENDANT:  Yes.

13         THE  COURT:  Okay.

14         You  have  also  agreed  that  any  facts

15   that  are  used  to  determine  the  offense  level

16   which  is  what  we  were  just  talking  about  a

17   minute  ago,  the  guideline  --  the  various

18   factors  that  go  into  the  guideline

19   calculation,  you've  agreed  that  that  will  be

20   found  by  the  Court  at  the  time  of  sentencing

21   and  you've  given  up  your  right  to  have  a  jury

22   make  that  decision.

23         Do  you  understand  that?

24         THE  DEFENDANT:  Yes.

25         THE  COURT:  Okay.

1            Now, you also understand that the

2    guideline calculation that the government just

3    put on the record and that's set forth in the

4    plea agreement is not binding on the probation

5    department or the Court.  If the Court or the

6    probation department determines that a

7    different guideline range should apply in your

8    case, you understand you will not be allowed

9    to withdraw your guilty plea.

10            Do you understand that?

11            THE DEFENDANT:  Yes.

12            THE COURT:  Okay.

13            Now under normal circumstances, you

14    can appeal your conviction if you believed

15    that your guilty plea here was somehow

16    unlawful or involuntary or there was some

17    other fundamental defect in these proceedings

18    that was not waived by your plea.

19            You also have a statutory right to

20    appeal your sentence under certain

21    circumstances if you believed that your

22    sentence is contrary to law.

23            However, in the plea agreement, you

24    have indicated that you will not file an

25    appeal or otherwise challenge your conviction

## Proceedings                                    26

1  or your sentence so long as the Court imposes

2  a term of imprisonment of 30 months or less.

3          Do you understand that you've agree

4  dot that?

5          THE DEFENDANT:  Yes, yes.

6          THE COURT:  Okay.

7          Now also as a result of your plea

8  here, you face a term of supervised release.

9          Do you know what supervised release

10  is?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Basically, once you've

13  completed any sentence of imprisonment that

14  you're directed to serve, you'll be released

15  from jail but there might be certain

16  restrictions placed on your freedom.  You

17  might have to report to a probation officer on

18  a periodic basis and there may be other

19  restrictions, as well.

20          Do you understand that?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Okay.

23          As a result of your plea, you face a

24  possible maximum term of supervised release of

25  one year and if you violate any of the

**Proceedings** 27

1    conditions of supervised release, you can be

2    sentenced up to one year in prison without

3    getting credit for the time that you

4    previously served in prison and without

5    getting credit for the time that you served

6    successfully on supervised release up until

7    the date of the violation.

8            Do you understand all of that?

9            THE DEFENDANT:  Yes, I do.

10           THE COURT:  Okay.

11           Do you also understand that you face

12   potential fine in this case?  The maximum fine

13   is $250,000.

14           Do you understand that?

15           THE DEFENDANT:  Yes.

16           THE COURT:  And you must pay a $100

17   special assessment.

18           Do you understand that, as well?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Anything else about the

21   plea agreement that I should review with the

22   defendant?

23           MR. SMITH:  No, your Honor.

24           MR. CELEDONIO:  No, your Honor.

25           THE COURT:  Mr. Rodriguez, do you have

**Proceedings**                                    28

1   any questions that you would like to ask me

2   about the charge or your rights or the plea

3   agreement or anything else before we proceed?

4            THE DEFENDANT:  No, your Honor.

5            THE COURT:  Are you ready to plead at

6   this time?

7            THE DEFENDANT:  Yes, I am.

8            THE COURT:  Counsel, do you know of

9   any reason why the defendant should not plead

10  guilty?

11           MR. CELEDONIO:  None, your Honor.

12           THE COURT:  Are you aware of any

13  viable legal defense to the charge?

14           MR. CELEDONIO:  None, your Honor.

15           THE COURT:  Angel Rodriguez, what is

16  your plea to the charge contained in

17  superseding information 03-cr-372-S-5; guilty

18  or not guilty?

19           THE DEFENDANT:  Guilty.

20           THE COURT:  Are you making this plea

21  of guilty voluntarily and of your own free

22  will?

23           THE DEFENDANT:  Yes, I am.

24           THE COURT:  Has anyone threatened or

25  forced you to plead guilty?

**Proceedings**

29

1    THE DEFENDANT:  No.

2    THE COURT:  Has anyone made any

3  promise to you as to exactly what your

4  sentence will be?

5    THE DEFENDANT:  No.

6    THE COURT:  Okay.

7    I read the charge to you a few minutes

8  ago.  I want you to tell me in your own words

9  exactly what it is that you did on or about

10  April 10, 1999 in connection with this

11  conspiracy.

12    THE DEFENDANT:  I was present at a

13  club here in Brooklyn and there came a point

14  in time that several individuals were beating

15  up a guy named Renaldo Pena (phonetic).  I

16  knew that Renaldo Pena was a cab driver and I

17  also knew that Pena rented a gypsy cab from

18  Alta Gracia (phonetic), which was Callio's

19  (phonetic) girlfriend.

20    Callio was one of the guys beating up

21  Pena.  During the assault on Pena, I realized

22  that Callio was seeking to obtain money owed

23  to his girlfriend Alta Gracia.  Despite this

24  knowledge, I concealed and did not make these

25  facts known to a judge or any other person in

**Proceedings**                                    30

1    authority.

2            THE COURT:  Okay.

3            And this happened on April 10, 1999?

4            THE DEFENDANT:  On April 10, 1999.

5            THE COURT:  Anything else?

6            MR. SMITH:  No.

7            THE COURT:  Okay.

8            Based on the information given to me,

9    I find that the defendant is acting

10   voluntarily, fully understands his rights and

11   the consequences of his plea and that there is

12   a factual basis for the plea.

13           I will recommend to Judge Gleeson that

14   he accepts your plea of guilty to the charge

15   contained in the superseding information.

16           What happens next, Mr. Rodriguez, is

17   you're going to go over to the probation

18   department to set up an appointment for your

19   interview for the presentence report that we

20   talked a little bit about earlier.  I urge you

21   to cooperate with them, obviously with

22   counsel's advice and I believe we have a date

23   set for sentencing.

24           THE CLERK:  January 7.

25           THE COURT:  January 7.

**Proceedings** 31

1    THE CLERK:  At 2 p.m.

2    THE COURT:  At 2.p.m.  Okay?

3    Anything else?

4    MR. SMITH:  No.

5    MR. CELEDONIO:  Have a good day,

6    your Honor.

7    THE COURT:  Thank you very much.

8    MR. SMITH:  Thank you.

9    (Matter concluded)

10    -oOo-

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

32

# C E R T I F I C A T E

I, ROSALIE LOMBARDI, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this __1st__ day of __November__ , 2004.

_____*Rosalie Lombardi*_____
Rosalie Lombardi
Transcription Plus II